(No. 3583—)

SAMUEL D. LYMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1945.*

SHAPIRO AND LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on the 7th day of February, 1941. It is for benefits under the Workmen's Compensation Act.

The complaint states that Samuel D. Lyman, the claimant herein, was on the 30th day of September, 1939, in the employ of the respondent as a cook at Manteno State Hospital. That on the last-mentioned date, he contracted typhoid fever in said institution and as a result thereof, thrombophlebitis developed in his left leg, following the attack of typhoid fever.

The record consists of the complaint, stipulation, report of the Department of Public Welfare, report of Dr. T. J. Pasqueri, dated April 15, 1943, report of Dr. Courtland L. Booth, dated March 7, 1945, verified bill of particulars, waivers of statement, brief and argument on behalf of claimant and the respondent.

No evidence was taken in this case and the claimant relies on the verified reports of the two above-named physicians to support his claim for disability.

Claimant is not available for a personal observation by the members of this Court, he now being in the Draft Department of the Oregon Shipbuilding Corporation in the State of Oregon.

Claimant's bill of particulars sets up items for nurses salaries, drugs, massage treatments, rubber stockings, and bandages, amounting to the sum of $407.50, which he claims to have expended. There is nothing in the record to indicate that these services were necessary and that the charges therefor were reasonable. The report of the Department of Public Welfare shows that claimant's wages were paid to him during the period of his illness, amounting to approximately $409.00. It also shows that the respondent paid the claimant's mother the sum of $119.16 for nurse hire, and further that all neces-

sary hospital facilities and physician's services were furnished by the respondent at the Manteno State Hospital.

This record is not sufficient to enable this Court to ascertain, with certainty, whether or not claimant is entitled to an award for any part of the claim he makes in his complaint, or bill of particulars. He is seeking an award as follows:

```
To doctor bills, nurses bills, special diet, etc. (estimated)....$ 400.00
To medicine, supplies, etc. (estimated)....................... 150.00
To claimant, as provided under the Workmen's Compensation
 Act of the State of Illinois............................... 5,000.00
```

If this claimant has sustained a permanent injury to his left leg, evidence should be taken, and if the claimant was required to expend monies in the effort to be cured, evidence should be taken in support thereof, and the respondent should have the opportunity to be present at the time of the taking of said testimony.

Where claim is made for compensation for permanent partial disability, the burden of proof is on claimant to show such disability and to establish his right to compensation therefor by a preponderance, or greater weight, of the evidence, and no award can be based upon speculation, surmise, or conjecture. *Mandell* vs. *State*, 12 C. C. R. 49.

Where, after giving full credence to the medical and other testimony adduced by claimant, the record fails to show that claimant had suffered and will continue to suffer permanent partial disability, claim for compensation therefore cannot be sustained, and an award must be denied. *Eggler* vs. *State*, 12 C. C. R. 386. *Cross* vs. *State*, 13 C. C. R. 174.

Claim denied.